NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0175n.06

Case No. 08-1951

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 19, 2010
LEONARD GREEN, Clerk

WAYMAN PATTERSON,                    )
                                     )
        Plaintiff - Appellant,       )
                                     )
v.                                   )
                                     )
PAUL GODWARD, Correctional           )        ON APPEAL FROM THE
Officer-being sued in his individual capacity;  )   UNITED STATES DISTRICT
STAN FREDRICKSON, Residential Unit   )        COURT FOR THE WESTERN
Officer-being sued in his individual capacity;  )   DISTRICT OF MICHIGAN
ROBERT MAJURIN, Sr.; JAMES R.        )
LOVELESS, Residential Unit Officer-being  )
sued in his individual capacity; LINDA  )
TRIBLEY, Deputy Warden-being sued in her  )
individual capacity; GREG MCQUIGGIN,  )
Warden-being sued in his individual capacity,  )
                                     )
        Defendants - Appellees.      )
                                     )
_____  )

BEFORE:  BATCHELDER, Chief Judge; SILER and GILMAN, Circuit Judges.

        ALICE M. BATCHELDER, Chief Judge.    Plaintiff-Appellant Wayman Patterson

challenges the district court's dismissal of his civil rights action against prison guards and

administrators at Baraga [Michigan] Correctional Facility ("Baraga"), where he is serving a sentence

for involuntary manslaughter (having already completed sentences for two counts of assault with a

dangerous weapon, *see People v. Patterson*, 2003 WL 22160441 (Mich. Ct. App. 2003)).  Patterson

claims that, while at Baraga, he has been the victim of false misconduct reports, and retaliation for

complaining about these reports, by prison officials.  These led, he says, to the imposition of various

restrictions and other adverse actions against him, e.g., being placed in segregation and on foodloaf

restriction. In bringing claims against Baraga's administrators, Tribley and McQuiggin, he alleges that their actions rise beyond mere ratification of their subordinates' conduct.

Patterson filed a complaint under 42 U.S.C. § 1983 (2002) on March 28, 2008, claiming that guards and administrators at Baraga violated his First, Eighth, and Fourteenth Amendment rights. He requested (1) nominal, punitive, and compensatory damages (for time missed from work while in segregation); (2) a declaration that the defendants' actions violated his constitutional rights; and (3) an injunction prohibiting further false misconduct reports and mandating his release from segregation.

The matter was referred to a magistrate judge under 28 U.S.C. § 636(b)(1), and the magistrate judge delivered his Report and Recommendation ("Report") on May 15, 2008. The magistrate judge concluded that, even reading Patterson's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepting his allegations as true, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), the complaint had to be dismissed for failure to state a claim upon which relief could be granted under the mandate of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). R. 53, 58. The magistrate judge concluded that Patterson's claims ran afoul of the *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), bar to § 1983 challenges that affect the duration or validity of an inmate's confinement. The district court approved the magistrate judge's Report on May 21, 2008, over Patterson's objections. On appeal, defendants concede that *Heck* does not bar Patterson's claims. Appellee Br. at 10. We agree.

Because *Heck* is not a bar to Patterson's claims, we consider whether Patterson states a proper retaliation claim sufficient to pass muster under 28 U.S.C. § 1915. We review de novo a district court's dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Brown v.*

2

*Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). In analyzing the facts asserted, we must accept them

unless they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504

U.S. 25, 33 (1992). We hold pleadings filed by a pro se litigant "to less stringent standards than

formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and may not

uphold the dismissal of such a pleading "simply because [we] find[ ] the plaintiff's allegations

unlikely," *Denton*, 504 U.S. at 33.

> We conclude that the district court erred in dismissing Patterson's retaliation claim.

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Patterson claimed that numerous actions were directed at him in retaliation for his filing

grievances against a number of the corrections officers guarding him. We have previously

recognized that "an inmate has an undisputed First Amendment right to file grievances against prison

officials on his own behalf," which qualifies it as protective conduct. *Thomas v. Eby*, 481 F.3d 434,

440 (6th Cir. 2007). Patterson has also sufficiently pled the second element of a retaliation claim,

alleging that each defendant, individually and, occasionally, in conjunction with the actions of others,

punished him for filing complaints. Even defendants McQuiggan and Tribley who, as supervisors,

are liable for the actions of their subordinates only under specific and limited circumstances, *see*

*Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005), are alleged to have ratified the

behavior of their subordinates and, in some cases, directed specific retaliatory action towards

Patterson. Finally, Patterson has sufficiently pled the third element, alleging not only temporal

3

proximity, which is indirect evidence of causation, *see DiCarlo v. Potter*, 358 F.3d 408, 421 (6th Cir. 2004), but also specific statements by defendants indicating that their retaliatory actions were motivated by Patterson's protected conduct.

We must also consider whether Patterson's failure to object to the magistrate judge's dismissal of his Eighth and Fourteenth Amendment claims waived appellate review of those claims. We have said that "a party who does not file objections to a magistrate judge's report waives his right to appeal *any issues addressed in that report*," *Franco v. United States*, 187 F.3d 635, at *1 (6th Cir. 1999) (emphasis added). However, since the Eighth and Fourteenth Amendment claims were not addressed in the magistrate judge's report, Patterson's failure to object to their dismissal does not preclude his arguing them on remand.

We **REVERSE** and **REMAND** for further proceedings consistent with this opinion.